BERTHA ALBRING, as Administratrix of ELMER S. ALBRING, Deceased, Appellant, *v.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

APPEAL — ORDER OF REVERSAL SOLELY UPON QUESTIONS OF LAW MUST SHOW EXAMINATION OF THE QUESTIONS OF FACT.    An order of the Appellate Division, reversing a judgment entered upon a verdict solely upon specified questions of law and granting a new trial, which recites that that court examined the questions of fact as to the other issues in the

case and found no error therein, but fails to show that the questions of fact as to the issues specified were examined and the verdict thereon approved, is not appealable to the Court of Appeals.

Reported below, 46 App. Div. 460.

(Argued March 19, 1901; decided March 26, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, made December 29, 1899, which reversed an order of a Trial Term denying a motion for a new trial after a verdict in favor of plaintiff.

This action was brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused through the negligence of the defendant.

*D. P. Morehouse* for appellant.

*Edward Harris* for respondent. The appeal does not lie to this court. (*Williams* v. *D., L. & W. R. R. Co.*, 127 N. Y. 643; *Mickee* v. *W. M. & R. M. Co.*, 144 N. Y. 613.)

CULLEN, J. As the order of the Appellate Division now stands an appeal to this court does not lie. An appeal was taken to the Appellate Division from the judgment and order denying defendant's motion for a new trial. The order made on that appeal reads: " Order appealed from reversed solely upon the grounds: (1) That as a matter of law the plaintiff's intestate was not free from contributory negligence; and (2) Because as matter of law the negligence of the defendant was not the cause of the injury complained of; and for those reasons the case ought not to have been submitted to the jury, the court having examined the questions of fact as to the other issues in the case and found no error therein." Though the reversal was solely on questions of law the defendant was entitled to have the Appellate Division review, not only the questions of law presented by the case, but also the questions of fact determined by the jury, and an order granting a new trial is appealable to this court only where the Appellate Division

has examined the facts and affirmed the verdict of the jury thereon. In this case the order recites that the court examined the questions of fact as to the other issues in the case and found no error therein, but the defendant was entitled to have the questions of fact reviewed and passed on by the Appellate Division not only as to the other issues in the case, but also as to those disposed of by that court as matters of law.

As the plaintiff on the argument requested an opportunity to have the order amended in case we should be of opinion that the order was not appealable in its present form, the decision of this appeal should be suspended till thirty days after the next term held by the Appellate Division of the fourth department, and if no amendment to the order is made by the court within that time, then the plaintiff's appeal must be dismissed, without costs to either party.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, LANDON and WERNER, JJ., concur.

Ordered accordingly.